IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| NATAVIOUS BANKS, Individually and As Next of Kin, on behalf of all known And unknown wrongful death Beneficiaries of NICOLE BANKS, Deceased and as Next of Kin, on Behalf of all known and unknown Wrongful death beneficiaries of BABY BANKS, Deceased, | ) ) ) ) ) ) ) ) ) |
| Plaintiff, | ) No. 1:23-cv-01073-STA-jay |
| v. | ) JURY DEMANDED |
| | ) |
| KNIGHT TRANSPORTATION INC., and JOHN DOE, | ) ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE (ECF NO. 18)**

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY (ECF NO. 25)**

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY (ECF NO. 26)**

**ORDER REGARDING CONSULTATION REQUIREMENT**

Before the Court are series of recent requests filed by the parties: Defendant Knight Transportation, Inc.'s Motion to Set Aside (ECF No. 18) filed July 24, 2023; Plaintiff Natavious Banks' re-filed Motion for Leave to File a Reply (ECF No. 25) filed August 8, 2023; and Defendant's Motion for Leave to File Sur-Reply (ECF No. 26) filed August 9, 2023.  Each Motion relates to Plaintiff's pending request for leave to amend his pleadings and substitute a party.  For the reasons that follow, each Motion is **GRANTED**.

First, Defendant asks the Court to set aside a July 17, 2023 order granting Plaintiff leave to file an amended complaint.  *See* Order Granting Pl.'s Mot. to Amend July 17, 2023 (ECF No.

15).  By way of background, Plaintiff filed a motion to amend on July 17, 2023, and represented in the motion that the request was "unopposed," reasonably suggesting that counsel had conferred about the proposed amendment and that Defendant did not oppose Plaintiff's request.  The Court found good cause to grant the motion and therefore entered its order the same day Plaintiff filed its request.  The following day, Plaintiff filed an Amended Motion to Amend (ECF No. 16) his pleadings, in which Plaintiff stated that Defendant did oppose his request to amend.  Plaintiff thereafter filed a nearly identical Second Motion to Amend (ECF No. 17) on July 19, 2023.

In its Motion to Set Aside, Defendant asks that the Court set aside the July 17, 2023 order granting Plaintiff leave to amend his pleadings based on Plaintiff's mistake in representing to the Court that his initial motion was unopposed.  Rule 60(b) of the Federal Rules of Civil Procedure permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Rule 60(b) applies, however, only to final orders, not interlocutory orders like the one granting Plaintiff's initial motion to amend.  *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011) ("Rule 60(b) applies only to final, appealable judgments.") (citing 12 Moore et al., *Moore's Federal Practice* §§ 60.22(3)(b), 60.23 (3d ed. 2000)).  Defendant's request is more properly understood as a motion for revision of an interlocutory order.  Local Rule 7.3(a) states "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule," among them "a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought . . . ."  Local Rule 7.3(a) & (b).

Here Defendant has shown, and Plaintiff seems to agree, that Plaintiff's counsel operated under the mistaken belief that counsel had conferred about Plaintiff's request to amend his pleadings and Defendant would not oppose it. Plaintiff has subsequently filed two additional requests for leave to amend. It is clear from the parties' briefs on those motions that there is a genuine dispute over Plaintiff's request to file an amended pleading. Therefore, the Court finds that Defendant's Motion to Set Aside is well taken and should be **GRANTED**. The Court hereby sets aside its July 17, 2023 order (ECF No. 15) granting Plaintiff's initial motion to amend. The Court will consider the merits of the amended request and second request to amend once the parties have fully briefed the issues.

Turning then to Plaintiff's Motion for Leave to File a Reply and Defendant's Motion for Leave to File a Sur-Reply, each party seeks permission to file a second brief addressed to Plaintiff's motions for leave to amend his pleadings and add a new party as a substitute for the John Doe Defendant named in the original Complaint. The Complaint alleges Defendant employed the John Doe Defendant and the John Doe Defendant was the truck driver who caused Plaintiff's decedent's motor vehicle crash and personal injuries, including both her death and the death of her unborn child. In its response in opposition to the motion to amend, Defendant argues that the proposed amendment would be futile because Plaintiff's request to amend comes outside of the statute of limitations and any claim Plaintiff had against the driver is now time barred. In the reply brief Plaintiff proposes to file (ECF No. 25-1), Plaintiff argues for the first time that Defendant fraudulently concealed the identity of its driver. As a result, the Court should toll the applicable statute of limitations. For its part Defendant seeks permission to file a sur-reply (ECF No. 26) in which Defendant addresses the fraudulent concealment issue raised by Plaintiff.

Local Rule 7.2(c) allows a moving party to file a reply brief only after receiving permission from the Court and as long as the party makes its request for leave to reply within 7 days of the service of the non-moving party's response.  Local R. 7.2(c).  Generally speaking, "[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *In re Enron Corp. Secs .*, 465 F. Supp. 2d 687,691 n.4 (S.D. Tex. 2006); *see also Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) ("The court generally grants leave to file a post-reply brief only in extraordinary circumstances after showing of good cause.") (citation omitted).  In the context of Rule 56, a sur-reply may be warranted where the opposing party's reply raises new legal arguments or introduces new evidence.  "When new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated, a problem arises with respect to Federal Rule of Civil Procedure 56(c)." *Mirando v. U.S. Dept. of Treasury*, 766 F.3d 540, 548 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).

The Court finds good cause to grant each party's request to file an additional brief, Plaintiff's reply and Defendant's sur-reply.  The briefs will aid the Court in its determination of whether Plaintiff's proposed amended pleading would be futile.  Plaintiff's proposed reply raises a new legal argument alleging that Defendant fraudulently concealed the identity of Defendant's driver.  Plaintiff has attached supporting evidentiary exhibits to its proposed reply.  Defendant's proposed sur-reply addresses Plaintiff's new fraudulent concealment argument.  The sur-reply answers a new argument and is warranted under the circumstances.  Therefore, each Motion is **GRANTED**.  Both parties have attached their proposed briefs as exhibits to their respective Motions for Leave.  The parties should re-file their briefs and any supporting exhibits as new docket entries for the sake of clarity in the record.

Finally, the Court notes that the parties' recent motion practice has not complied in full with the Local Rules of Court. Local Rule 7.2(a) requires any party filing a request for relief first to confer with the other parties to the action. The moving party must then certify to the Court that the conference occurred and state the position taken by the other parties regarding the relief to be requested. More specifically, Rule 7.2(a) states that counsel must certify one of two things: "that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion." Local R. 7.2(a)(1)(B). Furthermore, Rule 7.2(a) requires actual consultation, not merely an attempt to confer. *Id.* (placing the burden on counsel for the moving party "to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference"). The actual consultation requirement is excused, if and only if "an opposing counsel or party refuses to cooperate in the conduct of a conference." *Id*. The Local Rules caution that a failure to confer may be deemed good grounds for denying the motion.

In this case, each of the parties' recent Motions has included a certificate of consultation that met some but not all of these requirements. Plaintiff's initial motion to amend did not include a certificate of consultation at all but represented to the Court that the motion was unopposed. It is not entirely clear to the Court why such a misunderstanding about Defendant's position on Plaintiff's request to amend occurred. In any event, Local Rule 7.2(a)'s consultation requirement plays an important role in aiding the Court in the speedy and just determination of all requests for relief. Fed. R. Civ. P. 1. When the parties comply with Local Rule 7.2 and actual consultation occurs, the Court can act quickly to decide unopposed motions or afford the parties an opportunity to be heard on contested issues, whatever the case may be. When the parties do not actually consult

or the Court is left to guess from a cryptic or non-compliant certificate of consultation just what position the parties have taken on a request, an unnecessary delay in the proceedings can result.

The Court therefore cautions counsel about the importance of complying in full with the consultation requirement of Local Rule 7.2(a).  The Court will deem a failure to meet the requirements of Local Rule 7.2(a) as grounds for denying a party's request for relief.  Any counsel found not in compliance with the consultation requirement may be subject to a show cause order.

**IT IS SO ORDERED**.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date: August 10, 2023